# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH M. RAGOSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0304-CVE-PJC |
| | ) | |
| OKLAHOMA SAFETY EQUIPMENT COMPANY, INC., | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 20), Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 28), and Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion for Leave to Amend (Dkt. # 29).

Plaintiff Joseph M. Ragosta filed a Complaint (Dkt. # 2) alleging that defendant Oklahoma Safety Equipment Company, Inc. (OSECO) violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), by terminating him based on his age. Ragosta seeks to amend his complaint to add Halma Holdings, Inc. (HHI) as an additional defendant. Ragosta argues that HHI may have actually been his employer at the time of his termination, or that OSECO and HHI were a single employer at the time. Dkt. # 20, at 3. OSECO filed a response to the motion (Dkt. # 28), but included in that response a motion for summary judgment in favor of OSECO. Dkt. # 28, at 6. Ragosta filed a motion to strike OSECO's response on the basis that it violates the Court's local rules and asserts waived affirmative defenses. Dkt. # 29, at 2.

**I.**

Halma, P.L.C. is a United Kingdom company that conducts business through its operating subsidiaries. Dkt. ## 2, at 2; 12, at 2. HHI is a wholly-owned subsidiary of Halma International Ltd., which is a wholly-owned subsidiary of Halma, P.L.C. Dkt. # 20-6. OSECO was acquired "by Halma, P.L.C." in July 1999, Dkt. ## 2, at 2; 12, at 2, and is an operating subsidiary (through two holding companies) of HHI. Dkt. # 20-6. Halma, P.L.C. subsidiaries are grouped into operating divisions. OSECO was in the Halma Safety Sensors Division. Dkt. ## 2, at 2; 12, at 2.

Ragosta was hired as President of OSECO in September 1999. Dkt. ## 2, at 3; 12, at 2. In October 2007, Ragosta was reassigned to the position of Business Development Director. Id. He alleges that this reassignment "was an attempt to shunt [him] off onto a non-productive side-track so as to make way for, and to provide plausible justification for, his future termination." Dkt. # 2, at 4. Ragosta alleges that he was terminated from his employment effective June 27, 2008. Id. at 5. Ragosta alleges that he was terminated by OSECO, at the direction of Neil Quinn. Id. at 4. Neil Quinn was the Chairman of OSECO and the Divisional Chief Executive of the Halma Safety Sensors operating division, and a member of the Halma, P.L.C. executive board. Dkt. ## 2, at 2; 12, at 2.

**II.**

A party may amend its pleading after a responsive pleading has been served[1] only with the other party's consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[1] OSECO filed an answer (Dkt. # 6) and an amended answer (Dkt. # 12) to the complaint.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). However, leave may be denied if the amendment would be futile and subject to dismissal under Fed. R. Civ. P. 12. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Svcs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

Ragosta initially named OSECO as defendant and alleged that it "is and was, at all relevant times, an employer of the plaintiff within the meaning of the ADEA." Dkt. # 2, at 2. OSECO admitted that "at one time it employed [Ragosta]," but denied the remainder of Ragosta's allegation regarding his employer. Dkt. # 12, at 2. In his motion to amend, Ragosta argues that "it is apparent that OSECO contends that [he] was last employed by Halma P.L.C. through its United States holding company, HHI." Dkt. # 20, at 3. For this reason, Ragosta seeks to add HHI as a defendant in this case.

OSECO argues that Ragosta should not be permitted to amend his complaint to name HHI because claims against HHI are barred by the doctrine of claim preclusion and the statute of limitations. Dkt. # 28, at 7. In its response, OSECO also seeks summary judgment in its favor based on claim preclusion. Id. at 8.

"A response to a motion may not also include a motion or cross-motion made by the responding party." N.D. Okla. LCvR7.2(h). The portion of OSECO's response that contains a motion for summary judgment in OSECO's favor shall be stricken.

The Court treats the remainder of OSECO's response as arguing that amending the pleading to add HHI should not be permitted because such amendment would be futile. First, OSECO argues that any claim against HHI would be barred by the doctrine of claim preclusion. However, based

3

on the factual materials submitted by OSECO, the Court is unable to determine that claims against HHI would necessarily be barred by claim preclusion. For example, OSECO did not provide a copy of Ragosta's state court petition. Therefore, the Court is unable to determine the scope of the claims asserted or determined in that case. Additionally, the allegedly preclusive judgment related to OSECO, not HHI. Dkt. # 28-2. The Court cannot determine that claims against HHI would be futile on this basis.

Second, OSECO argues that claims against HHI would be time-barred. Dkt. # 28, at 16. This argument is unavailing because Ragosta's amendment would relate back to the date on which the initial complaint was filed. An amendment to a pleading that adds a new party will relate back where "the new and old parties have such an identity of interest that it can be assumed that relation back will not prejudice the new defendant." Graves v. Gen. Ins. Corp., 412 F.2d 583; Fed. R. Civ. P. 15(c)(1)(C). In this case, Ragosta's proposed amendment is necessary because of the close and potentially overlapping relationship between OSECO and HHI. Ragosta seeks to amend his complaint to ensure that he states a claim against his actual employer. OSECO and HHI possess this information.[2] OSECO has not asserted that either it or HHI would be prejudiced by adding HHI as a defendant.

For good cause shown, the Court finds that Ragosta's motion to amend should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion for Leave to Amend (Dkt. # 29) is **granted in part** and **denied in part**: it is

---

[2] Significant time and resources could be saved by a stipulation as to the identity of Ragosta's employer.

granted as to the portion of the response that contains a motion for summary judgment in favor of OSECO and denied as to the remainder of the response.

**IT IS FURTHER ORDERED** that the portion of Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 28) that contains a motion for summary judgment is **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Dkt. # 20) is **granted**. Plaintiff may file a second amended complaint naming Halma Holdings, Inc. as an additional defendant no later than **February 3, 2010**.

**DATED** this 27th day of January, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT